24-2924-cr
*United States v. Moody*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

    v.                                                                          24-2924-cr

BYRON M. MOODY,

    *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Tiffany H. Lee, Assistant United States Attorney, *for* Michael DiGiacomo, United States Attorney for the Western District of New York, Buffalo, NY |
| For Defendant-Appellant: | Martin J. Vogelbaum, Federal Public Defender's Office, Western District of New York, Buffalo, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and **REMANDED.**

Defendant-Appellant Byron M. Moody appeals from a judgment following revocation of supervised release entered on October 24, 2024, in the United States District Court for the Western District of New York. On December 14, 2021, Moody pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). On March 17, 2022, the district court sentenced Moody to a term of imprisonment of sixty months, to be followed by three years of supervised release. The district court orally pronounced the mandatory and special conditions of supervised release but, as to certain other discretionary conditions, stated only that Moody "shall comply with the standard conditions that have been adopted by this court." Joint App'x at 185. Those conditions were not referenced in Moody's pre-sentence report ("PSR"), but they were incorporated into the written judgment, which listed those thirteen "standard" conditions. One of the "standard" discretionary conditions specified in the written judgment mandated that Moody "live at a place approved by [his] probation officer." Joint App'x at 197. Moody did not appeal from that judgment.

Within a few months of the commencement of Moody's supervised release on August 18, 2023, his compliance with his conditions of release became a recurring problem. On December 11, 2023, the United States Probation Office filed a petition with the district court alleging that Moody had violated the condition mandating that he live at a place approved by his probation officer. Moody appeared on the petition on December 21, 2023, and the district court adjourned the case for three months to allow Moody to come into compliance with the condition. Moody

2

failed to appear for his next scheduled status appearance and was subsequently detained pursuant to a warrant. On April 9, 2024, consistent with an agreement between the parties, the court released Moody subject to a variety of new conditions, including electronic monitoring and a curfew. At another status conference on May 14, 2024, the parties addressed Moody's compliance with an employment verification discretionary condition, and the district court adjourned the case again. Prior to the next scheduled status conference, the Probation Office amended the petition to allege that Moody had failed to comply with the mandatory condition that he not violate any state or federal laws, stemming from Moody having been charged with harassment in state court. Following Moody's arraignment on the amended petition on May 30, 2024, and the parties' discussion of Moody's compliance with employment- and drug-related conditions of supervision, the district court adjourned the case for sixty days, after which the petition would be dismissed without prejudice if Moody came into compliance with all the conditions.

On July 30, 2024, the Probation Office filed a second amended petition alleging that Moody had twice tested positive for cocaine, in violation of the mandatory conditions that he not use any controlled substances or commit another crime. Upon a hearing held the same day, the district court remanded Moody to custody in light of the cocaine use. Following additional discussion between the parties and the court, on August 7, 2024, Moody admitted violating the condition that he live at an approved residence. Pursuant to an agreement between the parties, the court released Moody into the Salvation Army's substance abuse program; sentencing on the supervised release violation was adjourned for eight months based on the anticipated length of the program, on the condition that Moody successfully complete the program and abide by all of its rules.

On October 3, 2024, the Probation Office informed the court that Moody had been discharged from the Salvation Army program for his alleged use of synthetic marijuana. The district court advanced Moody's sentencing to October 22, 2024, and at sentencing imposed a term of imprisonment of seven months, to be followed by one year of supervised release. After the district court imposed the sentence, Moody's probation officer asked whether "the standard[] conditions of supervision, drug testing, drug treatment and search [are] still imposed as special conditions of supervised release." Joint App'x at 158. The district court confirmed that "[a]ll the conditions previously set remain in place." *Id*. Moody did not object. As in Moody's original judgment following his plea to the felon-in-possession charge, the new written judgment laid out the standard conditions of supervision.

This appeal followed. Moody argues that, following our decision in *United States v. Maiorana*, 153 F.4th 306 (2d Cir. 2025) (en banc), the thirteen standard conditions imposed by the district court in its revocation judgment must be vacated because the district court did not comply with the requirement to orally impose those conditions. The government agrees. There is no dispute that the district court did not read the thirteen standard discretionary conditions into the record or "expressly adopt or specifically incorporate by reference" conditions that had been set forth in writing and made available to Moody "in the PSR, the Guidelines, or a notice adopted by the court." *Id*. at 314. Although the district court stated that it was reimposing the conditions contained in the previous judgment, the parties have not directed our attention to anywhere in the record indicating that the previous judgment had been made available to Moody. We therefore remand "with instructions to vacate" the standard conditions. *Id*. at 315. "[I]f the District Court intends to impose them in the revised judgment, it must convene a hearing in the presence of the defendant and must advise the defendant that those conditions will be imposed." *Id.* at 315; *see*

4

*also id.* n.13. Moody may waive his right to a hearing if he wishes, and "[t]he District Court may provide [him] with written notice of the conditions it intends to impose on remand." *Id.* at 315 n.14. He may also elect not "to demand a hearing regarding those conditions and insist on their pronouncement in his presence," and "instead elect to argue his position in writing only, or to simply agree with the imposition of the conditions proposed." *Id.*

For the foregoing reasons, we **REMAND** the case to the district court with instructions to **VACATE** the thirteen discretionary conditions of the judgment and for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk